### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| | ) | Case No. 14-13155 |
| JAMES HENRY SULLIVAN, JR. and | ) | |
| RENEE A. SIMMONS-SULLIVAN, | ) | Honorable Janet S. Baer |
| | ) | |
| Debtors. | ) | **Hearing Date:  December 14, 2016** |
| | ) | |
| | ) | **Hearing Time:  10:00 a.m.** |
| | ) | |

### <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that on Wednesday, December 14, 2016 at 10:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer in Courtroom 615 at the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and present the attached **Trustee's Objection to Debtors' Claimed Exemptions**, at which time and place you may appear if you so desire.

Dated: December 2, 2016

Respectfully submitted,

RONALD R. PETERSON not individually but as chapter 7 case trustee for the bankruptcy estate of James Henry Sullivan, Jr. and Renee A. Simmons-Sullivan

By:_____ */s/  Ronald R. Peterson*_____
                Ronald R. Peterson

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
John D. VanDeventer (6315809)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
Telephone 312-222-9350
Facsimile: 312-527-0484
jvandeventer@jenner.com

## <u>CERTIFICATE OF SERVICE</u>

I, John D. VanDeventer, an attorney, hereby certify that on December 2, 2016, a copy of the **Trustee's Objection to Debtors' Claimed Exemptions** and the related **Notice of Motion** were served upon the parties listed in the attached Service List by first class mail, properly addressed and postage prepaid, or by the Court's CM/ECF system, where indicated.

*/s/ John D. VanDeventer*
John D. VanDeventer

## <u>SERVICE LIST (14-13155)</u>

**<u>VIA ECF NOTIFICATION</u>**:

- Patrick S Layng      USTPRegion11.ES.ECF@usdoj.gov
- Ronald Peterson      rpeterson@jenner.com, lraiford@jenner.com
- Ronald R Peterson     rpeterson@jenner.com,
  rpeterson@ecf.epiqsystems.com;docketing@jenner.com

**<u>VIA U.S. MAIL</u>**:

| |
|---|
| James Henry Sullivan<br>6651 164th Pl<br>Tinley Park, IL 60452 |
| Renee A. Simmons-Sullivan<br>6651 164th PL<br>Tinley Park, IL 60452 |
| Elizabeth Ralph<br>Greenberg Traurig, LLP,<br>77 West Wacker Drive, Suite 3100,<br>Chicago, IL 60601 ralphe@gtlaw.com |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St.<br>Room 873<br>Chicago, IL 60604 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| | ) | Case No. 14-13155 |
| JAMES HENRY SULLIVAN, JR. and | ) | |
| RENEE A. SIMMONS-SULLIVAN, | ) | Honorable Janet S. Baer |
| | ) | |
| Debtors. | ) | **Hearing Date:  December 14, 2016** |
| | ) | |
| | ) | **Hearing Time:  10:00 a.m.** |
| | ) | |

### TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS

Ronald R. Peterson, not individually but as chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of James Henry Sullivan, Jr. ("Mr. Sullivan") and Renee A. Simmons-Sullivan (together with Mr. Sullivan, the "Debtors"), by and through his undersigned counsel, in accordance with sections 105 and 522 of title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code") and Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") respectfully requests (this "Objection") that the Court enter an order disallowing the Debtor's claimed exemptions (the "Exemptions") of certain settlement funds resulting from the settlement of Mr. Sullivan's employment discrimination action against his former employer (the "Discrimination Action").  In support of this Objection, the Trustee states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and the Court may enter a final order, or if it cannot, the Trustee consents to entry of a final order.

2.      The statutory predicates for relief sought in this Objection are sections 105 and 522 of the Bankruptcy Code and Rule 4003 of the Bankruptcy Rules.

## **INTRODUCTION**

3.      On April 9, 2014 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as chapter 7 case trustee.

4.      Under penalty of perjury, the Debtors indicated on their petition that they were not involved in any lawsuits or administrative proceedings and had no contingent claims against any party.  On the portion of the Debtors' Statement of Financial Affairs that asked whether they were involved in any suits or administrative proceedings to which either was a party, the Debtors checked "None."  (Dkt. 1 at 41).[1]  On the portion of the Debtors' Schedule B that asked them to disclose any "contingent and unliquidated claims," the Debtors checked "NONE."  (Dkt. 1 at 12).  To date, the Debtors have not amended these statements.

5.      Consequently, the Debtors filed false pleadings with this Court.  As the Trustee learned through his investigation of the Debtors beginning at their section 341 meeting, Mr. Sullivan had filed a discrimination charge against his employer, H & M International, Inc. ("H&M"), with the Equal Employment Opportunity Commission ("EEOC") in December 2013, after filing an unsuccessful grievance against H&M through his union.  The EEOC had subsequently issued Mr. Sullivan a notice of his right to sue H&M in February 2014.  On May 1, 2014—just weeks after the Petition Date—Mr. Sullivan brought a complaint, the amended version of which is attached hereto as Exhibit A, initiating the Discrimination Action against H&M as case number 14-cv-03198 in the Northern District of Illinois (the "District Court").  The

---

[1] References to docket entries in this case are cited as "(Dkt. [ECF number] at [page number])." References to exhibits are cited as "(Ex. [exhibit letter] at [page number])."

Discrimination Action alleged that H&M had engaged in reverse racial discrimination and discrimination based on his disability, and that the company had wrongfully terminated him. (Ex. A. at 3-16). Mr. Sullivan sought monetary damages and the reinstatement of his job at H&M. (Ex. A at 16).

6.      Upon learning of the Discrimination Action, the Trustee sought and received permission from the District Court, in an opinion attached hereto as Exhibit B, to intervene as the true party in interest with respect to the claims for monetary relief. (Ex. B at 2-3).

7.      The Trustee and H&M settled the claims for monetary relief contained in the Discrimination Action. Under the terms of the settlement, H&M paid the Estate $23,000.00 in exchange for a release of all claims for monetary, non-equitable relief. This Court approved the settlement on October 19, 2015. (Dkt. 49).

8.      Although the Trustee became the true party in interest with respect to the claims for monetary damages, the District Court held that Mr. Sullivan could continue to pursue reinstatement of his job because it would be of no benefit to the Estate or its creditors. (Ex. B at 4).

9.      In or about January 2016, the Trustee learned that Mr. Sullivan had reached an agreement to settle the remaining claims—but for a monetary award rather than reinstatement of his job. In lieu of having his job reinstated at H&M, Mr. Sullivan accepted a settlement payment of $10,000.00. As a result, the Discrimination Action settled in its entirety for $32,000.00 (the "Settlement Funds"), with $10,000.00 currently held by the Debtors and $23,000.00 currently held by the Trustee for the benefit of the Estate.

10.    At no time did the Debtors surrender the $10,000.00 in Settlement Funds to the Estate.  Indeed, the Trustee's attempts to reach a voluntary agreement with the Debtors to turn over the Settlement Funds to the Estate were rebuffed.

11.    On November 7, 2016—more than two years after the Debtors filed their original Schedule C and more than a year after the court approved the Trustee's settlement agreement with H&M—the Debtors filed an amended Schedule C with this Court.  (Dkt. 52).  On their amended Schedule C, the Debtors claim Exemptions for:

(i)    "Disability Claim" valued at $23,000.00, pursuant to 735 ILCS 5/12-1001(g)(3);

(ii)    "Wages" valued at $23,000.00, pursuant to 735 ILCS 5/12-803; and

(iii)    "Disability Claim" valued at $23,000.00, pursuant to 735 ILCS 5/12-1001(b).

12.    At no time prior to November 7, 2016 did the Debtors assert that the Discrimination Action or the Settlement Funds were exempt.  The Trustee would have taken this argument into consideration in his settlement and would have disclosed it to this Court when seeking approval of the settlement agreement.  Because the Debtors never claimed an exemption prior to November 7, the Trustee had proceeded to administer the Estate and settle the Discrimination Action under the belief that it would inure in its entirety to the benefit of the Estate.

**RELIEF REQUESTED**

13.    Pursuant to Bankruptcy Rule 4003, the Trustee objects to the Debtors' Exemptions.  *See* FED. R. BANKR. P. 4003(b).  By this Objection, the Trustee respectfully requests that the Court enter an order disallowing the Debtors' claimed Exemptions in their entirety.

### BASIS FOR RELIEF

14.     The Debtors' claimed Exemptions are objectionable for at least four reasons.

15.     *First*, the Debtors' reliance on section 1001(g)(3) is misplaced because the Settlement Funds do not constitute a "right to receive . . . a disability, illness, or unemployment benefit."  735 ILCS 5/12-1001(g)(3).  Courts interpreting this exemption provision have held uniformly that the statute protects a debtor's rights to receive a stream of benefits earnings in the future; it does not exempt moneys already received pursuant to a court award or settlement agreement.  *See In re McQuaid*, 492 B.R. 514, 516 & n.3 (N.D. Ill. 2013) (collecting cases and holding that money in a trust established pursuant to the settlement of a disability claim was not exempt under section 1001(g)(3) because the statute only exempts the right to future earnings).

16.     But, here, the Debtors' interpretation of section 1001(g)(3) falls even further afield of the statute's plain language than that of the debtor in *McQuaid*.  In *McQuaid*, the settlement money at issue had been received as a result of a dispute over a claim to *disability benefits*.  *Id.* at 515.  Here, the Settlement Funds stem from Mr. Sullivan's claim of *workplace discrimination*.  The text of section 1001(g)(3)—indeed of section 1001 in its entirety—makes no mention of an exemption for workplace discrimination claims.   Accordingly, section 1001(g)(3) provides no basis on which the Debtors may claim that the Settlement funds are exempt.

17.     *Second*, the Debtors' reliance on 735 ILCS 5/12-803 similarly is misplaced.  As an initial matter, section 803 governs how creditors may proceed in seeking a wage deduction order or a citation to discover assets; it "does not create an exemption that applies under § 522(b) of the Bankruptcy Code."  *In re Radzilowsky*, 488 B.R. 767, 769 (Bankr. N.D. Ill. 2011); *accord Kapusta v. Rafool (In re Kapusta)*, No. 09-CV-1371, 2011 WL 2173675, at *2 (C.D. Ill. June 2,

2011); *Richardson v. Koeneman (In re Koeneman)*, 410 B.R. 820, 827 (C.D. Ill. 2009); *In re*

*Jokiel*, No. 09-B-27495, 2012 WL 33246, at *1 (Bankr. N.D. Ill. Jan. 5, 2012); *In re Thum*, 329

B.R. 848, 856 (Bankr. C.D. Ill. 2005).

18.     Further, the Settlement Funds do not constitute "wages" under Illinois law or any

plausible definition of the word.   Under similar provisions of Illinois law, "a wage is

compensation owed by the employer *pursuant to an employment agreement* between the two

parties."  *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 567 (7th Cir. 2016) (emphasis

added); *see also Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 657-58 (N.D. Ill. 2012)

(same).   Here, the Settlement Funds are not compensation owed pursuant to an employment

agreement.  Rather, they are moneys paid to settle claims of discrimination.  The word "wages"

does not appear anywhere in Mr. Sullivan's complaint filed in the Discrimination Action or in

the Trustee's settlement resolving the claims.  As such, section 803 provides no basis on which

the Debtors' may claim that the Settlement Funds are exempt.

19.     *Third*, the Debtors' reliance on 735 ILCS 5/12-1001(b) is misplaced because the

Debtors already hold $10,000.00 of the Settlement Funds—$6,000.00 more than they are entitled

to under Illinois's "wildcard" exemption.  It is undisputed that the $23,000 received pursuant to

the Trustee's settlement with H&M constitutes property of the Estate.  Similarly, the $10,000 in

funds that Mr. Sullivan received also is property of the Estate.  The District Court made clear

that Mr. Sullivan's claim for reinstatement remained his own property because having his job

reinstated would be "'of no value to [his] bankruptcy estate and [is] of 'no consequence to the

trustee of the creditors.'''"  (Ex. B, quoting *Matthews v. Porter*, 316 F. App'x 518, 524 (7th Cir.

2009)).  But once Mr. Sullivan agreed to settle the claim not for reinstatement but for monetary

damages, the claim and the settlement proceeds that flowed therefrom became property of the

Estate.  *See Segal v. Rochelle*, 382 U.S. 375, 379 (1966) ("[Estate] 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed.").  The $10,000 of the Settlement Funds that the Debtors currently hold are of value to their creditors and belong in the Estate.

20.    Illinois's wildcard exemption only permits the Debtors to claim up to $4,000.00 of the Settlement Funds as exempt.  *See* 735 ILCS 5/12-1001(b).  Accordingly, the Debtors currently are in possession of an excess $6,000.00 in Settlement Funds that are non-exempt property of the Estate.  They cannot possibly claim a further exemption over *any* of the $23,000.00 in Settlement Funds already held by the Trustee.[2]

21.    *Fourth*, the doctrine of laches prevents the Debtors from asserting any of their newly claimed Exemptions to the Settlement Funds because their delay in claiming the Exemptions has inflicted harm on the Estate.  "[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption."  *Law v. Siegel*, 134 S. Ct. 1188, 1196-97 (2014).  Illinois state law provides for the defense of laches where "(1) a litigant has exhibited unreasonable delay in asserting a claim; and (2) the opposing party suffered prejudice as a result of the delay."  *Lashever v. Zion-Benton Twp. High Sch.*, 2014 IL App (2d) 130947, ¶ 5, 14 N.E.3d 33, 35 (quoting *Wabash Cty. v. Il. Mun. Ret. Fund*, 408 Ill.App.3d 924, 933, 349 Dec. 411, 946 N.E.2d 907 (2011)).  "A defendant is prejudiced from delay in asserting a claim where the defendant has changed its position in a way that would not have occurred if the plaintiff had not delayed."  *In re Kelly*, 350 B.R. 778, 794 (Bankr. N.D. Ill. 2006).

---

[2] Further, the Trustee reserves his rights to pursue turnover of the $6,000.00 as non-exempt property of the Estate.

22.     Here, the Estate would be prejudiced by allowing the Debtors' unreasonably tardy Exemptions.  The Trustee has incurred more than $20,000 in legal fees with respect to the Discrimination Action, on the Debtors' representation that the Settlement Funds were not an exempt asset.  Further, in reaching his settlement agreement with H&M, the Trustee considered several factors, chief among them whether the agreement would bring a sufficient amount of funds into the Estate given the underlying suit's likelihood of success at trial.  In making that calculation, the Trustee relied on all relevant facts—including the Debtors' schedules, which had been on the docket for 17 months and listed no exemption to the Settlement Funds.  The Debtors were aware of Mr. Sullivan's claims against H&M during that entire time.  When the Court approved the Trustee's agreement with H&M, presumably it too did so only after "apprising [herself] of all facts necessary" to determine whether the agreement was in the best interests of the Estate.  *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161-62 (7th Cir. 1987).  Now, more than a year after the Court's approval of the Trustee's settlement agreement, the Debtors seek Exemptions that completely change the facts; they will reduce the proceeds to the Estate by nearly 20%.  It is very likely that such a dramatic change in circumstances would have prompted the Trustee to differently evaluate the adequacy of his settlement agreement with H&M.  The Trustee's inability to do so now, more than one year later, constitutes prejudice.  *See In re Szabo Contracting, Inc.*, 283 B.R. 242, 254-55 (Bankr. N.D. Ill. 2002) (holding that debtor's motion was barred by laches where it would upset a settlement agreement that had already been approved and consummated).  Accordingly, the defense of laches should prevent the Debtors from claiming the Exemptions more than two years

after they knew they may be entitled to them, and more than one year after the Trustee's settlement with H&M was approved by this Court.

23.    Notice of this Objection has been given to the Debtors, the Debtors' counsel, and the United States Trustee.  The Trustee submits that no other or further notice of this Objection need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

(a) Disallowing the Debtors' claimed Exemptions; and

(b) Granting such other relief as the Court deems equitable and just.

Dated: December 2, 2016                                        Respectfully submitted,

RONALD R. PETERSON not individually but as chapter 7 case trustee for the bankruptcy estate of James Henry Sullivan, Jr. and Renee A. Simmons-Sullivan

By:_____/s/ Ronald R. Peterson_____
                    Ronald R. Peterson

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
John D. VanDeventer (6315809)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
Telephone 312-222-9350
Facsimile: 312-527-0484
jvandeventer@jenner.com

9