**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 14-13155 |
| | ) | |
| JAMES HENRY SULLIVAN, JR. | ) | Chapter 7 |
| RENEE A. SIMMONS-SULLIVAN, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the objection of Ronald R. Peterson, chapter 7 trustee (the "Trustee"), to the exemptions claimed by the debtors James Henry Sullivan, Jr. and Renee A. Simmons-Sullivan (the "Debtors"), who are representing themselves in their bankruptcy case. The Trustee argues that the Debtors' amended schedule C improperly lists certain exemptions for disability claims and wages which should be disallowed pursuant to Bankruptcy Rule 4003.[1] The Debtors raise an argument regarding due process and express a misunderstanding with respect to the ownership of certain legal claims.[2] For the reasons stated herein, the Trustee's objection is sustained and the Debtors' amended exemptions are disallowed.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

[1] With the exception of Section III of this Memorandum Opinion, unless otherwise noted, all statutory and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, and the Federal Rules of Bankruptcy Procedure.

[2] While the arguments presented by the Debtors are not so clear, the Court "can see what the[y are] driving at." *See Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006); *see also Steege v. Johnsson (In re Johnsson)*, 551 B.R. 384, 391-93 (Bankr. N.D. Ill. 2016) (discussing certain special considerations that courts may take into account when debtors represent themselves). Accordingly, the Court will address the Debtors' concerns before considering the matter that is properly before the Court: the Trustee's objection to the Debtors' amended exemptions.

## BACKGROUND

The *pro se* Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Code") on April 9, 2014 and soon thereafter the Trustee was appointed to their case. The Debtors indicated on their schedule B and statement of financial affairs filed with their petition that neither of them had any interests in lawsuits or contingent claims against any party and that neither of them was involved in any lawsuits or administrative proceedings. (*See* Bankr. No. 14-13155, Docket No. 1, at 11-13 & 37-44.[3]) Similarly, the Debtors did not claim any exemption related to recovery from a lawsuit on their original schedule C filed with their petition. (*See id.*, at 14.)

However, less than a month after commencing the bankruptcy case, debtor James Henry Sullivan, Jr. ("Sullivan") filed a lawsuit on May 1, 2014 against H & M International Transportation, Inc. ("H&M") in the District Court for the Northern District of Illinois (the "District Court"), alleging that H&M engaged in reverse racial discrimination and discrimination based on Sullivan's disability, and that H&M had wrongfully terminated him from employment (the "H&M Action"). (*See* Docket No. 54, at 2-3, ¶ 5 & Ex. A.) In the H&M Action, Sullivan sought monetary damages and reinstatement of his previous position with H&M. (*See id.*, Ex. A, at 16.) The Trustee learned of the H&M Action during his investigation of the Debtors' affairs conducted at the 341 meeting of creditors and alleges that Sullivan had in fact received his right to sue notice from the Equal Employment Opportunity Commission prior to the filing of his joint bankruptcy case, in February 2014. (*See id.* at 2, ¶ 5 & Ex. A to Ex. A.) Although a discharge was already entered in the Debtors' bankruptcy case (*see* Docket No. 34), the case is still pending to allow the Trustee to administer the estate's assets and provide a distribution to creditors of an amount yet to be determined (*see* Docket No. 39).

[3] Future references to the docket are to that of the Debtors' bankruptcy case, Bankr. No. 14-13155.

Upon learning of the H&M Action, the Trustee filed a petition to intervene in the District Court. The District Court granted the Trustee's request, noting that the Trustee was the real party in interest as to Sullivan's legal claims – that is, the claims for monetary damages – because those claims became property of the Debtors' bankruptcy estate when the Debtors filed their chapter 7 petition. *Sullivan v. H & M Int'l Trans., Inc.*, No. 14 C 3198, 2015 WL 720988, at *2 (N.D. Ill. Feb. 13, 2015). However, the District Court found that Sullivan was the real party in interest as to his demand for reinstatement, explaining that that claim "is of no value to [the Debtors'] bankruptcy estate and [is] of no consequence to the [T]rustee or the creditors." *Id.* (internal quotation omitted).

The Trustee and H&M subsequently agreed to settle the claims for monetary damages. On September 8, 2015, the Trustee filed his motion pursuant to Bankruptcy Rule 9019(a) to approve the settlement agreement between the estate and H&M (the "Settlement Motion"). (Docket No. 45.) As discussed below, the Court found the settlement to be reasonable and granted the Trustee's motion on October 19, 2015. (Docket No. 49.)

Sullivan's demand for reinstatement, however, remained unsettled at that time. Subsequently, in January 2016, Sullivan agreed to receive a monetary award of $10,000 to settle the reinstatement issue with H&M. (Docket No. 54, at 3, ¶ 9.) Thus, the H&M Action settled in its entirety for $33,000,[4] of which $23,000 is held by the Trustee for the benefit of the estate. (*Id.*) Sullivan received the remaining $10,000 of the settlement proceeds, and, according to the Trustee, any efforts made to reach an agreement with Sullivan to turn over that amount have been rebuffed.[5] (*Id.* at 4, ¶ 10.) Based on the briefs submitted in this matter, it is unclear

[4] The Trustee states that the H&M Action settled for a total of $32,000 (Docket No. 54, at 3, ¶ 9), but the Court believes that the Trustee likely made a typographical error.

[5] Sullivan may no longer have these funds in his possession. The Debtors state in their response to the Trustee's objection that the $10,000 "was used to pay back . . . rent, [a] car note, bills[,] etc." (Docket No. 57, at 2.)

whether the Trustee intends to pursue collection of the $10,000 from Sullivan.[6]

On November 7, 2016, over a year after the Trustee settled the estate's claims with H&M, the Debtors filed an amended schedule C in which they claim the following exemptions in property:

(i) "Disability Claim" valued at $23,000.00, pursuant to 735 ILCS 5/12-1001(g)(3);

(ii) "Wages" valued at $23,000.00, pursuant to 735 ILCS 5/12-803; and,

(iii) "Disability Claim" valued at $23,000.00, pursuant to 735 ILCS 5/12-1001(b).

(Docket No. 52.)

The Trustee filed an objection to the exemptions listed above. That objection is now fully briefed and the Court is ready to rule.

**DISCUSSION**

Bankruptcy Rule 4003 governs matters related to claims of exemptions and objections thereto. Bankruptcy Rule 4003(b) provides the mechanism by which the Trustee may object to the Debtors' amended claims of exemptions so long as such objection is filed within thirty days after the Debtors have filed their amended schedule C. *See* Fed. R. Bankr. P. 4003(b); *In re Kazi*, 985 F.2d 318, 322-23 (7th Cir. 1993). The instant objection having been timely filed, the burden lies with the Trustee to prove that the Debtors' exemptions are not properly claimed. *See* Fed. R. Bankr. P. 4003(c); *In re Edelson*, 533 B.R. 651, 653 (Bankr. N.D. Ill. 2015).

The Trustee argues that the Debtors' reliance on each of the Illinois exemption provisions under which the exemptions are claimed is misplaced. Further, the Trustee argues that the

[6] The Debtors attached to their brief a letter of response from the Trustee to senior counsel for the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois dated July 21, 2016. (*See* Docket No. 57, Ex. C.) In the letter, the Trustee states, "Arguably, [the $10,000] belongs to the [Debtors' bankruptcy] estate, but . . . I have exercised my discretion and decided not to pursue Mr. Sullivan's windfall." (*Id.*, Ex. C, at 3.) However, in his brief filed on December 2, 2016, the Trustee states that he "reserves his right to pursue turnover of the . . . non-exempt [portion of the $10,000]." (Docket No. 54, at 7 n.2.)

doctrine of laches prevents the Debtors from asserting any exemption against the $23,000 in proceeds from the settlement of the estate's claim against H&M.

Although they did not respond to the merits of the Trustee's objection, the Debtors argue that they have been denied their right to due process with respect to the Settlement Motion. For that reason, the Debtors believe that they are entitled to receive the $23,000.

In support of their response to the objection, the Debtors have attached what appears to be a letter of complaint intended for an attorney who represents the Office of the United States Trustee for the Northern District of Illinois. In the letter, Sullivan states the following:

> [The Trustee] settled a case for [$]183,000 for [$]23,000 without any prior consent from my spouse or [me]. I have not received anything in writing from [the Trustee] and barely have had any contact [with] him. My attorneys [(representing Sullivan in the H&M Action)] . . . informed [the Trustee] that I would be representing myself in my bankruptcy case but he persisted on settling.

(Docket No. 57, Ex. C, at 4.)

This statement reflects a misunderstanding as to the ownership of the legal claims asserted by Sullivan in the H&M Action. Therefore, the Court will first address the issue of ownership of those claims before resolving the Debtors' due process argument. Finally, the Court will determine the merits of the Trustee's objection.

## I. The Claims for Money Damages Sought in the H&M Action Are Property of the Debtors' Bankruptcy Estate and Subject to Administration by the Trustee.

When the Debtors filed their bankruptcy case, two things occurred. First, an estate was created comprised of the Debtors' property. *See* 11 U.S.C. § 541(a). This bankruptcy estate encompasses a wide variety of tangible and intangible property interests, including any legal claims of the Debtors. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 & n.9 (1983); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) (explaining that "every conceivable

interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is [property of the estate] within the reach of § 541"), *abrogated on other grounds by Law v. Siegel*, 134 S. Ct. 1188 (2014).

Second, the United States trustee appointed the Trustee to the Debtors' bankruptcy case. *See* 11 U.S.C. § 701(a)(1). The Trustee is charged with numerous tasks, including the investigation of the financial affairs of the Debtors and the administration of the estate. *See* 11 U.S.C. §§ 704(a)(1) & (a)(4). The latter requires the Trustee to collect and reduce to money the property of the estate for the benefit of creditors. *See* 11 U.S.C. § 704(a)(1); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) (noting that "[t]he trustee is accountable for all property received and has the duty to maximize the value of the estate") (citations and internal quotation omitted). He is also the representative of the Debtors' bankruptcy estate. *See* 11 U.S.C. § 323(a). And, although he may sue on the estate's behalf with or without approval from the Court, *see* 11 U.S.C. § 323(b); Fed. R. Bankr. P. 6009, the Trustee has discretion as to whether to pursue litigation on behalf of the estate, *see, e.g.*, *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1346 (7th Cir. 1987) ("It has long been established that a trustee has the authority to prosecute or to decline to bring an action on behalf of the estate."); *In re Burgio*, 441 B.R. 218, 220 (Bankr. W.D.N.Y. 2010) ("The administration of a bankruptcy estate is generally left to the sound discretion of the trustee.").

In this matter, Sullivan's claims for money damages against H&M fell within the scope of the Debtors' bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). As noted above, in granting the Trustee's request to intervene in the H&M Action, the District Court determined that "when Sullivan filed his bankruptcy petition, his claims for money damages became the property of the bankruptcy estate." *Sullivan*, 2015 WL 720988, at *2.

As a result, the Trustee's duties under the Code require him, as the estate's representative, to evaluate the claims and decide whether to pursue them against H&M. If he is successful in pursuing those claims, the Trustee must collect any recovery from H&M. And, when ready to administer the proceeds of the estate, the Trustee must make the appropriate distributions to creditors pursuant to the Code. *See* 11 U.S.C. § 726.

Here, the Trustee intervened in the H&M Action in connection with Sullivan's claims for money damages. After negotiation, the Trustee and H&M agreed to settle those claims for $23,000. In the Settlement Motion, the Trustee argued that, because H&M continued to deny all allegations of discrimination and wrongdoing, the proposed settlement of $23,000 for all monetary claims in the H&M Action was fair and equitable and in the best interest of the estate. (*See* Docket No. 45, at ¶ 7-14.) The Court found the Trustee's argument with respect to the reasonableness of the settlement to be compelling and persuasive. And, once a signed copy of the settlement agreement was provided to the Court, the appropriate order was entered permitting the Trustee's settlement of the claims for money damages against H&M. (*See* Docket No. 49.)

The Debtors, however, argue that they were never given notice of the Settlement Motion and thus were denied due process. The Court now turns its attention to that argument.

## II. The Debtors Were Given Appropriate Notice of the Settlement Motion.

In their response to the Trustee's objection, the Debtors allege that the address to which the Trustee mailed notice of the Settlement Motion contained an inaccurate street number – the incorrect address being 16704 South Harold Street and the correct address being 16407 South Harold Street. In support of this allegation, the Debtors provided a photocopy of Sullivan's Illinois driver's license reflecting the address 16407 Harold Street in Oak Forest, Illinois. (Docket No. 57, Ex. B, at 4.) As a result, the Debtors assert, they never received notice of the

Settlement Motion and thus argue that their due process rights were denied.

In response, the Trustee says that 16704 South Harold Street is the address that the Debtors themselves listed on their bankruptcy petition and that such address had been used by the Clerk of the Court and every party in this case at the time the Settlement Motion was filed.[7] According to the Trustee, the Debtors thus have only themselves to blame if they did not receive notice of the Settlement Motion.

Bankruptcy Rule 9019(a), upon which the Settlement Motion was predicated, provides that the Court may approve a compromise or settlement upon a request made by the trustee after notice and a hearing. "Notice shall be given to creditors, the United States trustee, [and] the debtor[s] . . . as provided in Rule 2002 . . .." Fed. R. Bankr. P. 9019(a). Bankruptcy Rule 2002 requires, in turn, that those parties listed above must be given twenty-one days' notice of such a motion. *See* Fed. R. Bankr. P. 2002(a)(3). Thus, although the claims that were the subject of the Settlement Motion belonged to the Debtors' bankruptcy estate, the Bankruptcy Rules nonetheless required that the Debtors be given notice of the Settlement Motion in order to comport with due process requirements. *Cf. Geltzer v. The Original Soupman Inc.* (*In re Soup Kitchen Int'l Inc.*), 506 B.R. 29, 46 (Bankr. E.D.N.Y. 2014) (discussing creditors' due process argument in the context of a motion pursuant to Bankruptcy Rule 9019).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Failure to provide appropriate notice may raise due process concerns which, in turn, can render a judgment

[7] On September 1, 2016, almost a year after the Settlement Motion had been granted, the Debtors notified the Court of their new address in Tinley Park, Illinois. (*See* Docket No. 51.) Prior to that update, they had not corrected the Oak Forest, Illinois address on the docket.

void. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000).

"The Court considers the totality of the circumstances in determining whether the notice given was reasonable." *In re Hardej*, 563 B.R. 855, 864 (Bankr. N.D. Ill. 2017). The reasonableness of such notice varies according to the knowledge of the parties. *Id.*; *see also In re Wright*, 300 B.R. 453, 461 (Bankr. N.D. Ill. 2003) ("[N]otice complying with due process principles does not need to be absolutely perfect; it must merely be reasonably calculated to inform."). Generally, where notice is sent to the address listed by debtors in their bankruptcy petition, due process is satisfied. *Villarreal v. Laughlin* (*In re Villarreal*), 304 B.R. 882, 886 (B.A.P. 8th Cir. 2004).

Here, the Debtors have the responsibility to provide the Court with a current, accurate mailing address at all times during the pendency of their case. *See* Fed. R. Bankr. P. 4002(a)(5); *Katz v. Araujo* (*In re Araujo*), 292 B.R. 19, 23 (Bankr. D. Conn. 2003). Interested parties such as the Trustee and the Clerk of the Court rely on the address on file in providing notice to debtors of hearings that are scheduled with the Court. The Trustee fulfilled the notice requirement under Bankruptcy Rule 9019(a) when he mailed notice of the Settlement Motion to the interested parties of the Debtors' bankruptcy case, including the Debtors at their address as listed on their bankruptcy petition. (*Compare* Docket No. 45, Service List; *with* Docket No. 1, at 1.) Thus, the Court finds that the Debtors were not denied due process in connection with notice of the Settlement Motion.

The Court now turns to the issues related to the exemptions claimed by the Debtors.

**III. The Debtors Did Not Properly Claim Exemptions Pursuant to Illinois Law.**

The Code permits debtors to claim certain property as exempt. 11 U.S.C. § 522(b). Such an exemption excludes that property from the estate. *See, e.g.*, *Schwab v. Reilly*, 560 U.S. 770,

775-76 (2010). The Code and the laws of many states, including Illinois, provide lists of permissible exemptions. *See* 11 U.S.C. § 522(d); *see, e.g.*, 735 ILCS 5/12-1001 (West 2016). A state may opt out of the federal exemptions set forth in § 522(d) and require that debtors use the state's own list of exemptions, as Illinois has done. *See* 735 ILCS 5/12-1201; *In re McQuaid*, 492 B.R. 514, 515 (Bankr. N.D. Ill. 2013). The Debtors are residents of Illinois and have accordingly claimed exemptions pursuant to Illinois law. Thus, the Court applies Illinois state law to determine the scope and validity of the claimed exemptions. *See Law v. Siegel*, 134 S. Ct. 1188, 1196-97 (2014).

"The purpose of [an] exemption provision is to protect a debtor's fresh start in bankruptcy." *McQuaid*, 492 B.R. at 516. Accordingly, exemption statutes "are generally construed liberally in favor of a debtor." *Edelson*, 533 B.R. at 653-54 (internal quotation omitted). However, the Court "must be mindful to avoid interpreting an exemption statute in a way not contemplated by the legislature in enacting a state's exemption scheme." *In re Simpson*, 238 B.R. 776, 779 (Bankr. S.D. Ill. 1999).

Here, the Debtors claim exemptions under three separate Illinois exemption provisions as to the $23,000 that the estate received from H&M in settlement of the claims for money damages filed in the H&M Action. The Court will examine each of these provisions in turn.

**a. 735 ILCS 5/12-1001(g)(3)**

Section 12-1001(g)(3) provides an exemption for a "debtor's right to receive . . . a disability, illness, or unemployment benefit[.]" 735 ILCS 5/12-1001(g)(3). Courts have held that this provision protects a debtor's right to receive public benefits, *see In re Schoonover*, 331 F.3d 575, 577 (7th Cir. 2003), or insurance proceeds related to a disability claim, *see Kauffman v. Wrenn*, 46 N.E.3d 805, 819 (Ill. App. Ct. 2015). The exemption under § 12-1001(g)(3) applies

to future benefits and does not extend to money already received. *See Schoonover*, 331 F.3d at 577 (explaining that "[§ 12-1001(g)] ensures that recipients enjoy the minimum monthly income provided by the benefits laws; it does not entitle recipients to shield hoards of cash"); *McQuaid*, 492 B.R. at 517-18 (trust funds traceable to a disability payment made prior to the filing of a bankruptcy petition are not exempt).

The $23,000 in question is not a benefit received due to disability, illness, or unemployment. Rather, the proceeds are from the settlement of discrimination claims between the bankruptcy estate and H&M and are not funds in the nature of minimum income needed for subsistence derived from public benefits or insurance. Thus, the Debtors have not properly claimed this exemption, and the Trustee's objection is sustained with respect to § 12-1001(g)(3).

**b. 735 ILCS 5/12-803**

The Illinois Wage Deduction Act (the "IWDA") provides, in pertinent part, as follows:

> "Wages subject to collection. The wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall be the lesser of (1) 15% of such gross amount paid for that week or (2) . . . [a calculation based on the minimum wage not relevant here]."

735 ILCS 5/12-803. Courts in this jurisdiction are split as to whether the IWDA creates an exemption in property applicable to bankruptcy proceedings. *See Meier v. Katz* (*In re Meier*), 550 B.R. 384, 390-91 (N.D. Ill. 2016). Nonetheless, "wages" under the IWDA applies only to money "owed by an employer to a judgment debtor," not money already paid. *See* 735 ILCS 5/12-801; *Meier*, 550 B.R. at 391.

Nothing submitted in the parties' briefs in this matter suggests that the $23,000 derives from "wages" as contemplated by the IWDA. Rather, again, the funds are proceeds of the settlement of a lawsuit involving allegations of workplace discrimination. Thus, because the IWDA is inapplicable to this matter, the Court need not decide whether § 12-803 creates an

exemption applicable to bankruptcy law. The Trustee's objection is sustained as to this provision.

**c. 735 ILCS 5/12-1001(b)**

The so-called "wildcard" exemption under Illinois law permits debtors to exempt up to $4,000 in equity in "other property." *See* 735 ILCS 5/12-1001(b); *In re Frueh*, 518 B.R. 881, 887 (Bankr. N.D. Ill. 2014) (noting that the wildcard exemption under Illinois law "provides additional exemptions for basic necessities").

The Trustee argues that because the Debtors are already in possession of $10,000 in settlement funds from the reinstatement portion of the H&M Action, they cannot claim any exemption against the $23,000 that the estate received from H&M. The Trustee further argues that the $10,000 in settlement proceeds became property of the estate when Sullivan agreed to settle his claim not for reinstatement but for money.

The Court agrees with the Trustee's position. First, the wildcard exemption of § 12-1001(b) does not permit the Debtors to exempt $23,000. At most, the Debtors may retain only $4,000 under this provision. Furthermore, the Court is aware that Sullivan already received $10,000 even though the Debtors did not list Sullivan's reinstatement claim on their schedule B or amended schedule C. It would make no sense to require the Trustee to pay the Debtors the $4,000 exemption from the estate's $23,000 only to then have the Trustee pursue collection of the $10,000 from the Debtors. The $4,000 wildcard exemption would more appropriately be applied to the $10,000 that Sullivan received. Accordingly, the Court finds that the Debtors' wildcard exemption has effectively been satisfied with the money that Sullivan received from H&M in settlement of his demand for reinstatement.

Therefore, the Court sustains the Trustee's objection to the Debtors' claim of their

wildcard exemption against the $23,000 pursuant to § 12-1001(b), and that exemption is also disallowed. Because all three claims of exemption have been disallowed, the Court need not address the Trustee's argument with respect to laches.

## CONCLUSION

For the foregoing reasons, the Trustee's objection is sustained in its entirety, and the Debtors' amended exemptions are disallowed. A separate order will be entered consistent with this ruling.

**Dated:** April 24, 2017

**ENTERED:**

JANET S. BAER
United States Bankruptcy Judge